UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Wynter Odom, Stacy Case, and Kimberly Wise-Lewis, | ) ) ) | |
| Plaintiffs, | ). ) | Case No.:  3:15−cv−04313-MGL-SVH |
| Vs. | ) ) | |
| City of Columbia Police Department, | ). ) ) | COMPLAINT |
| Defendant. | ) ) | |

## INTRODUCTION

1.    Plaintiffs Wynter Odom, Stacy Case, and Kimberly Wise-Lewis (Hereinafter referred to as Plaintiffs) bring damages to redress Defendant City of Columbia Police Department (Hereinafter referred to as Defendant) actions in discriminating against Plaintiffs on the basis of gender, sexually hostile work environment, retaliation, breach of contract, and breach of contract with fraudulent intent regarding terms, conditions and privileges of their employment.

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action pursuant to 28 USC Sections 1331 and 1343 and 42 USC Section 2000e(5), this being a proceeding to enforce rights and remedies secured under Title VII of Civil Rights Act of 1964 and 1991, as amended, 42 USC 2000 et.seq.  This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

3.    Venue is proper in the Columbia Division because the Causes of Action arose therein, the acts and practices complained of occurred there and it is where the Defendant does business and may be found.

## PARTIES

4.    Plaintiff 1 (Kimberly Wise-Lewis hereinafter referred to as Plaintiff 1) is an African American female of the United States of America and resides in Columbia, South Carolina. Plaintiff 1 began her employment with Defendant as a police officer on November 12, 2007. Plaintiff 1 is currently employed with Defendant as an Investigator.

5.    Plaintiff 2 (Stacy Case hereinafter referred to as Plaintiff 2) is a Caucasian female of the United States of America and resides in Elgin, South Carolina. Plaintiff 2 began her employment

with Defendant in September 6, 2011 as a police officer.  Plaintiff 2 is currently employed with the Defendant as a Patrolman.

6.     Plaintiff 3 (Wynter Odom Hereinafter referred to as Plaintiff 3) is an African American citizen of the United States of America and resides in Columbia, South Carolina. Plaintiff 3 began her employment as a police officer in June 2007.  Plaintiff 3 is currently employed with the Defendant as a Master Police Officer.

7.     The Defendant is an organization with the state of South Carolina and legally organized and existing under the Code of the Laws of the State of South Carolina.

8.     Upon information and belief, Defendant is an employer under Title VII and employs and/or employed in excess of fifteen (15) employees at the time of the legal violations complained of herein.

## CONDITIONS PRECEDENT

9.    The Plaintiffs have exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below.

   a. On or about March 26, 2014, Plaintiff 3 filed her Complaint with the Equal Employment Opportunity Commission (EEOC), and on April 4, 2014, Plaintiffs 1 and 2 filed separate Complaints with EEOC.  Plaintiffs alleged gender discrimination, sexually hostile work environment, and retaliation.
   b. Plaintiffs received their notices of Right To Sue, through the South Carolina Human Affairs Commission (SCHAC), on June 24, 2015.
   c. Plaintiffs have timely filed the foregoing action within one hundred and twenty (120) days of the date on which they received the Agency's final decision described in paragraph 9(b).

## STATEMENT OF CLAIM

10.    Plaintiffs allege they are victims of the Defendant's sexually discriminatory practices after they voiced their concerns over the sexually hostile work environment they experienced, and continue to experience, due to the actions of the Defendant and its agents.

11.    Plaintiff Wise-Lewis was subjected to sex discrimination and a sexually hostile work environment after she was moved to the Robbery Unit under the supervision of Sergeant Kevin E. Reese (BM). Despite Plaintiff Wise-Lewis performing her job duties accurately and to the best of her abilities, Sergeant Reese failed to give her a job evaluation (the evaluation was on November 21, 2013) that reflected her true job performance. Plaintiff Wise-Lewis contends that despite disagreeing with the job performance, Sergeant Reese and Lieutenant Williams (WM), through intimidation, forced her to sign the document, which was both against her will and against the Defendant's own policies and procedures. Plaintiff Wise-Lewis contends that her similarly situated male counterparts were not subjected to such treatment.

2

12.     Plaintiff Case and Plaintiff Odom were subjected to sex discrimination and sexual harassment and a sexually hostile work environment created by the Defendant, by and through it's agents, Lieutenant Ronald Felder and Corporal Milton Frederick.

13.     Plaintiff Odom was subjected to sexual harassment and sex discrimination beginning in June 2012, specifically when Lieutenant Felder placed his hands on her leg without Plaintiff Odom's consent.  Lieutenant Felder would also make unwelcome sexually provocative and harassing comments such as, "you better be glad you work for me because if you didn't I would have pumped you full of babies."  Defendant did not subject its male officers to such treatment.

14.     Plaintiff Odom has experienced Lieutenant Felder engage in sexually harassing and sexually discriminatory behavior towards her when he would stare at her in a sexually suggestive manner, would make suggestive remarks regarding her body, her clothing, and making sexually suggestive remarks such as "mmmm ummmm."  Further, Lieutenant Felder, despite the fact that he and Plaintiff Odom have never engaged in a sexual relationship, claimed in the presence of other persons that he is the biological father of Plaintiff Odom's son. As Felder's behavior was unwelcome and sexually harassing, Plaintiff Odom protested Felder's behavior through Defendant's Administrative Chain, however this was to avail as Defendant's failed to conduct an investigation (required by Defendant's own policies and procedures) into the allegations made by Plaintiff Odom.

15.     Plaintiff Case was subjected to sexual harassment and sex discrimination when, beginning in 2011 and continuing until the present time, Corporal Frederick continuously made sexual remarks, specifically stating his sexual preferences and visually describing sexual relations he had with citizens when he was a Patrolman, in the presence of Plaintiff Case.  As Fredrick's behavior was sexually harassing and unwelcome, Plaintiff Case protested Frederick's behavior to no avail through Defendant's administrative chain of command, because the Defendant failed to conduct an investigation (required by Defendant's own policies and procedures) into the allegations made by Plaintiff Case.

16.     Plaintiffs, following Defendant's proper chain of command, protested their concerns to the Defendant, by and through its agents, to no avail as the Defendant failed to conduct a proper investigation into the allegations made by the Plaintiffs. In fact, the Plaintiffs began to experience retaliation as a result of their exercising the rights to defend themselves against the sexually discriminatory and harassing behavior of the Defendant's agents.

17.     Upon information and belief, Plaintiffs performed their jobs with due diligence and without incident, despite being subjected to the Defendant's retaliatory and sexually hostile work environment.

18.     Specifically, in retaliation for their complaints of sexually harassment, Plaintiff Odom was removed from her job on March 27, 2014, which impedes her career advancement in the area of law enforcement as a Crime Prevention Officer and Plaintiff Case has been reassigned as a Patrolman which places her in direct contact with Corporal Frederick (her sexual harasser). Plaintiff Wise-Lewis' cases were supervised by male colleagues that were equal rank to Plaintiff

Wise-Lewis, though there was no evidence that she needed this supervision. The decision to supervise Plaintiff Wise-Lewis' case was made by Sergeant Reese, such actions were retaliatory and nature and sexually discriminatory in nature. Defendant gave Plaintiff Wise-Lewis' cases to her similarly situated male counterparts without a justifiable reason but for sex discrimination and retaliation because she protested the sexually discriminatory performance evaluation and the sexual harassment which she received from Defendant.

FIRST CAUSE OF ACTION:
GENDER DISCRIMINATION

19. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

20. Plaintiffs are members of a protected group on the basis of their gender. Plaintiffs were retaliated against based on their gender in violation of USC 1981 and Title VII of the Civil a Rights Act of 1964, as amended (42 USC 2000e et. Seq.), the Equal Employment Opportunity Act.

21. Defendant, by and through its agents, began a pattern and practice of targeting plaintiffs and other female colleagues by retaliating against, and harassing them, after they followed the Defendant's policies and procedures and voiced their concerns of the sexually hostile work environment they were subjected to.

22. Plaintiffs assert that preferential treatment and harassment were a mere pretext for discrimination against Plaintiffs based on their gender.

23. The Defendant violated 42 USC Sec 1981 and Title VII of Civil Rights Act of 1964, as amended by allowing a hostile work environment to exist regarding gender discrimination in the workplace.

24. Plaintiff Wise-Lewis was subjected to gender discrimination when she was removed from doing investigations on her own and given a performance evaluation not indicative of her actual performance and when her cases were assigned to her male colleagues who held equal rank as Plaintiff Wise-Lewis.

25. Plaintiff Odom and Plaintiff Case were subjected to gender discrimination when the Defendant's agents made, and continue to make, sexually harassing remarks with the intent to belittle female employees to the exclusion of similarly situated male employees. Defendant failed to conduct a proper investigation into the matter thus condoning their agent's actions.

26. As a direct and proximate result of Defendant's discrimination on the basis of gender, Plaintiffs have suffered a loss of wages, benefits, and employment opportunities.

27. Defendant's gender discrimination of Plaintiffs have caused and continues to cause and will cause Plaintiffs to suffer substantial damages for pecuniary losses, embarrassment,

humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

28. Plaintiffs are entitled to injunctive relief and/or civil damages from Defendant as a relief of the employment discrimination as alleged above.

29. Due to the gender discrimination of the Defendant, its agents and employees, Plaintiffs are entitled to injunctive relief and/or civil damages, back wages, plus interest, and payment for list wages.

SECOND CAUSE OF ACTION:
SEXUALLY HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT

30. Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

31. Plaintiff Odom and Plaintiff Case were subjected to a sexually hostile work environment by the Defendant's agents when Defendant's acting through their agents made repeated unwelcome sexually charged statements towards them, and in their presence, despite Plaintiffs protests that such conduct cease.

32. That Plaintiff Wise-Lewis was subjected to a sexually hostile work environment as Defendant's agents intimidated her into signing a false performance review in an effort to downgrade her job duties to the exclusion of her similarly situated male colleagues.

33. The Defendant violated 42 USC Sec 1981 and Title VII of Civil Rights Act of 1964, as amended by allowing a hostile work environment to exist regarding gender discrimination in the workplace.

34. That the retaliation, harassment, and sexually hostile work environment of the Defendant, constitutes a violation of clear mandate of public policy of the state of South Carolina as articulated in the South Carolina Human Rights Act and in violation of 42 USC Sec 1081 and Title VII Civil Rights Act of 1964, as amended.

35. As a result of the Sexually Hostile Work Environment of the Defendant, the Plaintiffs have suffered, and continue to suffer, a multitude of problems to include loss of sleep, anxiety, emotional pain and suffering, mental anguish, and humiliation.

36. Accordingly, Plaintiffs are entitled to compensatory damages in the nature of the value of their loss of wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and their reasonable attorney's fees for the bringing of this action.

THIRD CAUSE OF ACTION:
RETALIATION

37.     Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

38.     Plaintiffs repeatedly objected to and protested the violations of their federally protected rights within the Defendant's administrative structure and later, to the United States Equal Employment Opportunities Commission.

39.     Plaintiff Wise-Lewis, after stating her concern over her job evaluation, was retaliated against when Sergeant Reese began a pattern and practice of daily harassing of Plaintiff Wise-Lewis.  Specifically, by December 2013, Sergeant Reese removed Plaintiff Wise-Lewis from doing investigations on her own (though she had performed her job duties without incident and to the best of her abilities) and assigned her male colleagues, who were of equal rank as Plaintiff Wise-Lewis, to oversee and supervise her assigned investigative cases.

40.     Plaintiff Wise-Lewis, after inquiring as to why her male colleagues were assigned to supervise her cases, was told by Sergeant Reese that she had brought it on herself.  In addition to having equally ranked male colleagues supervise her case, Plaintiff Wise-Lewis was denied a request for a shift change on November 26, 2013, though her male counterparts were consistently granted requests for shift changes.

41.     Plaintiff Odom, after voicing her concern over the sexual harassment she was subjected to by the Defendant's agents, was retaliated against when the Defendant transferring her from the Crime Prevention Division to the Hospitality Unit.

42.     Plaintiff Odom contends that as a result of this transfer it had a negative impact on her ability to advance in her career in the area of law enforcement as a Crime Prevention Officer.  Defendant's actions, against Plaintiff Odom, clearly indicate that the Defendant condoned the actions of its agents, specifically Lieutenant Felder and Corporal Frederick.

43.     Plaintiff Case, after she voiced her concerns of being subjected to a sexually hostile work environment, was retaliated against when she was assigned as a Patrolman, directly placing Plaintiff case into contact with Corporal Frederick (both directly and indirectly) and thus subjecting her to the same sexually hostile work environment that she complained of.

44.     Due to the retaliatory acts of the Defendant, its agents and employees, Plaintiffs are entitled to injunctive relief and/or civil damages, back wages, plus interest, and payment for lost wages.

45.     Accordingly, Plaintiffs are entitled to compensatory damages in the nature of the value of their loss wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and their reasonable attorney's fees for the bringing of this action.

FOURTH CAUSE OF ACTION:
BREACH OF CONTRACT

46.     Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

47.     Plaintiffs and Defendant entered into a binding and valid contract whereby Plaintiffs relied on the Defendant's reassurance that they would properly, and thoroughly, investigate allegations of misconduct, to include allegations of sexual harassment and gender discrimination. Plaintiffs relied on Defendant's reassurance when they accepted their positions with the Defendant in exchange for valuable consideration, their salaries. Plaintiffs state that the contract was formed by oral assurances and the Defendant's Employee Handbook, upon which the Plaintiffs relied.

48.     Plaintiffs performed their job duties with due diligence, however Defendant unjustifiably failed to perform its duties by failing to follow through with the promise to properly investigate allegations of sexual harassment, gender discrimination, and retaliation, and further Defendant failed to protect the Plaintiffs from Defendant's agents, and instead chose to punish the Plaintiffs.

49.     Defendant had the responsibility to ensure that Plaintiffs would not be subjected to a sexually hostile work environment and gender discrimination, according to its written policy, but Defendant, by and through its agents, failed to do so. Instead, Defendant began a pattern and practice of retaliation against the Plaintiffs.

50.     Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

### FIFTH CAUSE OF ACTION:
### BREACH OF CONTRACT WITH FRAUDULENT INTENT

51.     Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

52.     Defendant has failed to fulfill its obligation under its own written policy and has breached the terms thereof by reason of an intentional design on its party to defraud Plaintiffs. Plaintiffs state that the contract was formed by oral assurances and the Defendant's Employee Handbook, upon which the Plaintiffs relied.

53.     In furtherance of such intentional design, Defendant fraudulently promised Plaintiffs that they it, through its agents, would thoroughly investigate Plaintiffs' allegations of sexual harassment, gender discrimination, and retaliation. In fact, Defendant retaliated against Plaintiffs after they voiced their concerns about being subjected to sexual harassment and gender discrimination.

54.     Plaintiffs have suffered, and continue to suffer, damages due to the continuing harassment.

55.     Due to the acts of the Defendant, its agents and employees, Plaintiff are entitled to injunctive relief and/or civil damages, back wages, plus interest, and payment for lost wages.

56.     Accordingly, Plaintiffs are entitled to compensatory damages in the nature of the value of their loss wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and their reasonable attorney's fees for the bringing of this action.

<u>JURY TRIAL DEMANDED</u>

57.     Plaintiffs request a trial by jury.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiffs pray that this Honorable Court declare that the Defendant's actions complained of herein violated the rights guaranteed to the Plaintiffs and issue this judgment:

(1)     Declaring the actions complained herein illegal; In favor of the Plaintiffs and against the Defendant for all Causes of Action in an amount which is fair, just and reasonable, and for Compensatory damages;

(2)     Issuing an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant, and at its discretion from engaging in unlawful practices shown to be in violation of Title VII of the Civil Rights Act of 1964 as amended and any other violations.

(3)     Awarding Plaintiffs compensatory damages for each Cause of Action, contained herein, which the jury should find appropriate as a result of the Defendant's unlawful discriminatory actions taken as a result of the Plaintiffs gender; including mental anguish, pain and suffering, harm to Plaintiffs economic opportunities, any back pay, front pay, and future earnings with the cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits.

(4)     Awarding Plaintiffs their costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

(5)     Granting such other and further relief to the Plaintiffs as this Court may deem just and proper.

Respectfully Submitted:

By:     /s/ Donald Gist_____
        Donald Gist, Esquire (Federal ID# 7178)
        Aaron Wallace, Esquire (Federal ID# 11469)

Gist Law Firm, PA  
Post Office Box 30007  
Columbia, South Carolina 29230  
Tel.: (803) 771-8007  
Fax: (803) 771-0063  
candicegrant.gistlawfirm@gmail.com

Attorneys for Plaintiffs

October 21, 2015  
Columbia, South Carolina