IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Wynter Odom, Stacy Case, and Kimberly Wise-Lewis, | ) ) ) | C/A No.: 3:15-4313-MGL-SVH |
| Plaintiffs, | ) ) | REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| City of Columbia Police Department, | ) ) | |
| Defendant. | ) ) | |

This employment case comes before the court on the Suggestion of Death of plaintiff Stacy Case ("Case"), as indicated by Case's counsel. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

On November 20, 2015, Plaintiff's counsel, Donald Gist, Esq., filed a Notice of Suggestion of Death ("Notice"), indicating that Case is deceased. [ECF No. 8].[1] On November 20, 2015, the undersigned directed Mr. Gist to serve Case's personal representative or any successors or other representatives of Case with the Notice. [ECF No. 10]. On December 3, 2015, Mr. Gist submitted a reply, indicating that he had served Josephine Potts, Case's daughter, with the court's order of November 20, 2015.[ECF No. 12].

Pursuant to Fed. R. Civ. P. 25(a)(1), "if a party dies and the claim is not

---

[1] Although ECF No. 8 is titled a motion for an extension, it notes that Case is deceased.

extinguished, the court may order substitution of the proper party." The rule states that "a motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

No party having filed a motion for substitution within 90 days of the service of the court's order, which noted the death and the deadline, the undersigned hereby recommends Case's claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 25(a)(1).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 3, 2016                                    Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).