

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| WYNTER ODOM and KIMBERLY WISE-LEWIS, | § § § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:15-4313-MGL-SVH |
| | § | |
| | § | |
| | § | |
| CITY OF COLUMBIA POLICE | § | |
| DEPARTMENT, | § | |
| Defendant. | § | |

---

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiffs filed this case as an employment discrimination action. The matter is before the

Court for review of the Report and Recommendation (Report) of the United States Magistrate

Judge suggesting Defendant's motion for summary judgment be denied as to Plaintiff Odom's

retaliation claim and granted as to all other claims. The Report was made in accordance with 28

U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 16, 2017, Defendant filed its objections on March 22, 2017, Plaintiffs filed their objections on March 23, 2017, Plaintiffs filed their response on April 4, 2017, and Defendant filed its response on April 5, 2017.  The Court has carefully reviewed the parties' voluminous submissions, but holds the arguments contained therein to be without merit.  Therefore, it will enter judgment accordingly.

**Defendant's Objections**

First, Defendant maintains "[t]he Magistrate Judge erred in finding that [Plaintiff] Odom established a prima facie case of adverse employment action required to present her retaliation claim to a jury."  Defendant's Objections 5 (internal quotation marks omitted).

In an instance such as this when the plaintiff lacks direct evidence of her retaliation claims, the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies.  The *McDonnell Douglas* framework involves three steps: (1) the plaintiff must first establish a prima facie case of retaliation; (2) the burden of production then shifts to the employer to articulate a non-retaliatory reason for the adverse action; and (3) the burden then shifts back to the plaintiff to prove by a preponderance of the evidence the stated reason for the adverse employment action is a pretext and that the true reason is retaliatory.  *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

To establish a prima facie case of retaliation, the plaintiff must demonstrate "(i) that she engaged in protected activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Foster v. Univ. of Md.–E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015).  The Supreme Court defines an adverse action in this context to be something that "might have dissuaded a reasonable worker

from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation omitted) (internal quotation marks omitted).

The Court notes "the significance of any given act of retaliation will often depend upon the particular circumstances." *Id* at 69. In other words, "[c]ontext matters. The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships . . . not fully captured by a simple recitation of the words used or the physical acts performed. . . . [A]n act that would be immaterial in some situations is material in others." *Id*. (citations omitted) (internal quotation marks omitted). "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id*. at 71 (citations omitted) (quotation marks).

To the extent Defendant argues Plaintiff Odom's transfer was merely a lateral one, the Court notes "[t]he law is unsettled concerning when a lateral transfer constitutes an adverse employment decision." *Devine v. Thalhimers*, 977 F.2d 572 (4th Cir. 1992) (table). For instance, the Seventh Circuit has held transfer involving same pay and benefits but objective loss of prestige such as removal from private office is adverse employment action, *Collins v. Illinois*, 830 F.2d 692, 704 (7th Cir. 1987); but the Eleventh Circuit has stated the temporary transfer from foreman to plant guard is not a demotion where no loss of pay or benefits results, *Hudson v. Southern Ductile Casting Corp.*, 849 F.2d 1372, 1375 (11th Cir. 1988).

On the record before it, having taken all of the law as set forth above into consideration, the Court is unable to hold as a matter of law Plaintiff whether Odom's transfer amounts to an adverse employment action. This is a question best left for the finder of fact to answer. Hence, the Court will overrule this objection.

Second, Defendant argues "[t]he Magistrate Judge erred in finding that the City failed to offer a legitimate non-retaliatory reason for reassigning [Plaintiff] Odom from the Crime Prevention Unit." Defendant's Objections 6.

When this Court "review[s] the employer's articulated reasons for [the employment action] and the plaintiff's refutation thereof, [it] must keep in mind that Title VII is not a vehicle for substituting the judgment of a [C]ourt for that of the employer." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 298-99 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). Put another way, "this Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination." *Id.* at 299 (citations omitted) (internal quotation marks omitted). Instead, the Court's "sole concern is whether the [the employment action] was discriminatory." *Id.* (citation omitted) (internal quotation marks omitted). For this reason, "when an employer articulates a reason [for its employment decision] not forbidden by law, it is not [the Court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the [employment action]." *Id.* (citation omitted) (internal quotation marks omitted).

Melron J. Kelly testified he reassigned Plaintiff Odom "[t]o make sure that the employee didn't feel threatened and . . . she was okay." ECF No. 31 at 14:7-8. This is Defendant's proffered legitimate, non-retaliatory reason for transferring Plaintiff Odom from one unit to the other. But, as discussed below, the Court is unable to hold as a matter of law the reason given by Defendant "truly was the reason for the plaintiff's termination." *DeJarnette*, 133 F.3d at 299. Consequently, the Court will also overrule this objection.

Third, Defendant contends "[t]he Magistrate Judge erred in failing to require [Plaintiff] Odom to demonstrate that the legitimate non-retaliatory reason for her reassignment was false and pretextual." Defendant's Objections 7.

Plaintiff complains her transfer was to a less desirable position. Further, although Kelly testified he reassigned Plaintiff Odom "[t]o make sure that the employee didn't feel threatened and . . . she was okay," ECF No. 31 at 14:7-8, he also attested he transferred her because of "the Complaint that was made." *Id*. at 15:8. Those two statement are not necessarily contradictory. But, viewing them in the light most favorable to Plaintiff Odom, the latter statement can also be interpreted as Kelly revealing the truth: Plaintiff was transferred solely because of "the Complaint that was made." *Id*. Thus, the Court will overrule this objection because it is unable to hold as a matter of law whether Defendant has given a legitimate and non-discriminatory reason for Plaintiff Odom's reassignment.

Fourth, Defendant avows "[t]he Magistrate Judge erred in failing to require [Plaintiff] Odom to demonstrate that the alleged "adverse employment action" rises to the level of discouraging a reasonable person from exercising rights protected by Title VII." Defendant's Objections 8.

As the Court has already noted, "[w]hether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Burlington*, 548 U.S. at 71 (citations omitted) (quotation marks). Therefore, the Court is unable to hold as a matter of law whether Plaintiff Odom's transfer would discourage a reasonable person from exercising her rights under Title VII. Thus, the Court will overrule this objection as well.

Fifth, Defendant avers "[t]he Magistrate Judge erred in failing to require [Plaintiff] Odom to demonstrate a causal connection between protected activity and a recognizable adverse employment action." Defendant's Objections 9.

"Normally, very little evidence of a causal connection is required to establish a prima facie case. In fact, [the Fourth Circuit has] held that merely the closeness in time between the filing of

a discrimination charge and an employer's [adverse employment action] is sufficient to make a prima facie case of causality." *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 443 (4th Cir. 1998) (overruled on other grounds) (citations omitted) (internal quotation marks omitted). The Fourth Circuit has held a plaintiff's "proof of a causal connection between the protected activity and [the adverse employment action, which occurred] after her employer became aware that she had filed a discrimination charge . . . satisfies the less onerous burden of making a prima facie case of causality." *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989).

As noted before, Kelly testified he transferred Plaintiff Odom because of "the Complaint that was made." ECF No. 31 at 15:8. This statement by itself easily meets the low standard for establishing a causal connection between the filing of a complaint and the alleged adverse employment action. Hence, the Court will overrule this objection, too.

**Plaintiffs' Objections**

First, Plaintiffs state "[t]he Magistrate erred in dismissing Plaintiff Wise-Lewis' Sex Discrimination Claim[.]" Plaintiffs' Objections 4. More specifically, Plaintiffs declare "Plaintiff Wise-Lewis has shown that her performance evaluation detrimentally altered the terms or conditions of her employment[,]" *id*. at 6, and "that Reese's assignment for her to work under the supervision of her peers creates genuine issues of material fact regarding her sex discrimination claims[,]" *id*. at 7.

"[T]he elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010).

As the Magistrate Judge suggests, Plaintiff Wise-Lewis has failed to demonstrate she suffered an adverse employment action. Although it is true "a poor performance evaluation is

actionable [when] the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment[,]" *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 377 (4th Cir. 2004), that is not to say all poor performance evaluations are actionable. After all, "it is the perception of the decisionmaker that is relevant, not the self-assessment of the plaintiff, in determining satisfactory job performance[,]" Report 12 (citation omitted).

Regarding the argument concerning Plaintiff Wise-Lewis having to work under the supervision of her peers, she has "failed to establish that receiving peer training constitutes an adverse employment action." *Id.* Consequently, the Court will overrule this objection.

Second, Plaintiffs assert "[t]he Magistrate erred in dismissing Plaintiff Wise-Lewis' Retaliation Claim[.]" Plaintiff's Objections at 8. According to Plaintiffs, "Plaintiff Wise-Lewis has shown . . . she suffered an adverse employment action[.]" Plaintiffs' Objections 10.

In the Report, the Magistrate Judge notes Plaintiff Wise-Lewis cites the denial of one shift change as an adverse employment action, but cites no authority for her argument. The Fourth Circuit has routinely found that employer's decisions about schedule changes are insufficient to constitute adverse employment actions." Report 13-14 (citation omitted). Further, "[t]o the extent [Plaintiff] Wise-Lewis argues that having her work reviewed by colleagues constitutes an adverse employment action, she cannot show a causal connection because her work was being reviewed prior to her alleged protected activity." *Id*. at 14 n.6.

In addition to Defendant allegedly retaliating against Plaintiff Wise-Lewis by denying a shift change, Plaintiffs complain Defendant "subjected" her "to continuing retaliatory sex discrimination and harassment by Reese" as a result of Reese's failure to end her "obligation to have her peers review her work." Plaintiffs' Objections 10.

Plaintiffs then state "[t]his argument is completely overlooked and disregarded by the Magistrate [Judge] in her [R]eport." Plaintiff's Objections 10. They set forth the same argument one page later. *See* Plaintiffs' Objections 11 ("As is indicated above, the Magistrate [Judge] in the instant case completely disregarded [Plaintiff] Wise-Lewis'[s] argument . . . she was subjected to continuing retaliation."). But that is simply inaccurate. As already observed, the Magistrate Judge stated in her Report, "[t]o the extent [Plaintiff] Wise-Lewis argues that having her work reviewed by colleagues constitutes an adverse employment action, she cannot show a causal connection because her work was being reviewed prior to her alleged protected activity." Report 14 n.6 (citation omitted).

Plaintiffs fail to object to the Magistrate Judge's suggestion Plaintiff Wise-Lewis is unable to "show a casual connection because her work was being reviewed prior to her alleged protected activity." *Id*. Thus, the Court need not make a de novo review of that portion on the Report. Accordingly, for the reasons stated above, the Court will also overrule this objection.

Third, Plaintiffs insist "[t]he Magistrate erred in dismissing Plaintiffs' Breach of Contract Claims[.]" Plaintiffs' Objections 12. According to Plaintiffs, they "have identified mandatory binding and definitive promissory language which promises specific treatment such that their contract claims should be allowed to proceed." *Id*.

Because the Court agrees with the Magistrate Judge's suggestion "Plaintiffs have failed to prove that the contracts contained specific procedures Defendant would follow under specific circumstances, and failed to follow," Report 16, however, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court

Defendant's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. More specifically, the Court denies the motion as to Plaintiff Odom's retaliation claim and grants it as to all other claims.

Not later than Monday, July 17, 2017, the parties shall submit to the Court a proposed joint consent amended scheduling order.

**IT IS SO ORDERED**.

Signed this 11th day of July, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE